**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

|                              |   |                  |
|------------------------------|---|------------------|
| UNITED STATES OF AMERICA     | : |                  |
|                              | : |                  |
|     v.                       | : | No. 2:05-cr-25   |
|                              | : |                  |
| CASSIUS LAMAR SHINE,         | : |                  |
|     Defendant.               | : |                  |
|                              | : |                  |

## MEMORANDUM AND ORDER

The Defendant, Cassius Lamar Shine, is charged with
conspiracy to manufacture, possess with intent to distribute, and
distribute in excess of 50 grams of a mixture or substance
containing a detectable amount of cocaine base, that is, crack
cocaine, and with possession with intent to distribute more than
50 grams of cocaine base within 1,000 feet of a public school.
On November 29, 2006, Shine filed a Motion to Dismiss the charges
against him due to interference with mail between himself and his
counsel.  The Motion was discussed at a hearing on December 7,
2006, and the government has submitted an Opposition to the
Motion.  For the following reasons, the Motion (Doc. 88) is
DENIED.

## I.  FACTS

Shine is represented in this matter by Attorney E.M. Allen.
On September 27, 2006, Allen mailed an envelope to Shine at the
federal correctional institution in Ray Brook, New York.  The
envelope address label bore the names of Allen's firm's partners,

the designation "Attorneys at Law" and the return address.  Allen wrote on the outside of the envelope that it contained confidential attorney-client information and should be opened only in the inmate's presence.

More than two weeks after the letter was mailed, Shine reported to Allen that he had finally received photocopies of the envelope and its contents.  Clearly the envelope had been opened outside of Shine's presence.  The contents of the envelope were a short letter, which included some confidential information, copies of motions that had been filed on the defendant's behalf, and other documents from the case which he had requested.  With the exception of the letter, all of these materials are a part of the public record in this case.  Allen represented to the Court at the December 7, 2006 hearing that it was possible that the information contained in the letter was cryptic enough that prosecutors would be unable to make use of it even were it provided to them.  It appears that a previous letter to Shine from Allen was treated similarly in July.

The Bureau of Prisons treats "Special Mail," including mail from inmates' lawyers, differently from other correspondence, which it designates as "General Mail."  Special Mail is opened only in the presence of the inmate.  To be treated as Special Mail, a letter must be marked as "Special Mail–Open only in the presence of the inmate," and must have an "adequately identified

2

sender." To be adequately identified, the envelope must identify counsel by name; a return address containing the name of a law firm is insufficient. It appears that the envelope was opened outside of Shine's presence because his lawyer was not specifically named on the envelope.

Ordinarily, General Mail is opened by mail room staff, examined for the presence of contraband and scanned for content for security purposes, then forwarded to the inmate. It would not ordinarily be copied for any reason. The government has made inquiries and found that the mail room staff do not recollect handling the pieces of mail at issue here, but denied that they would have made copies of the contents of the envelopes. The mail room was searched and no copies of any correspondence directed to Shine were discovered.

No correspondence between Allen and Shine, nor any copy of such correspondence, was ever provided to the government counsel in this case, nor has counsel for the government learned from any source the contents of any confidential attorney-client communication.

## II. DISCUSSION

The Court considers the confidentiality of the defendant's correspondence with his counsel to be of grave importance. A significant breach of that confidentiality took place here, as mail from Allen to Shine was opened by mail room staff outside of

3

Shine's presence, and Shine alleges that he was provided only with copies of that mail.

However, the ultimate concern arising from this breach is whether information contained in Shine's correspondence with his counsel has made its way to the U.S. Attorneys prosecuting this case.  It is clear, and Shine does not dispute, that no such thing has taken place.  Shine suggests that there is a nexus between the staff of the Bureau of Prisons who work in the mail room at the Ray Brook correctional institution and the U.S. Attorneys by virtue of their mutual employment by the federal government.  This nexus is far too slim to justify dismissal of the charge where no confidential information has actually been provided to the U.S. Attorneys.

It is deeply regrettable that Shine's mail was erroneously opened outside of his presence.  However, it does not appear that any harm has resulted which could affect Shine's ability to present a defense, or cast into doubt the outcome of this case.  Therefore, dismissal of the charges is not an appropriate remedy.

### III.  CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is DENIED.

Dated at Burlington, Vermont this 5th day of January, 2007.


/s/ William K. Sessions III
William K. Sessions III

4

Chief Judge