```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT
                                      :
UNITED STATES OF AMERICA              :
                                      :
     v.                               :     No. 2:05-cr-25
                                      :
CASSIUS LAMAR SHINE,                  :
     Defendant.                       :
                                      :
```

**MEMORANDUM AND ORDER**

The Defendant, Cassius Lamar Shine, is charged with conspiracy to manufacture, possess with intent to distribute, and distribute in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base, that is, crack cocaine, and with possession with intent to distribute more than 50 grams of cocaine base within 1,000 feet of a public school. Currently before the Court is Shine's Motion to Dismiss for Lack of Speedy Trial, alleging violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* ("the Act"). The Court held a hearing on this and other pending motions on December 7, 2006, and took the matter under advisement. For the following reasons, the Motion (Doc. 72) is DENIED.

**I.   BACKGROUND**

On February 16, 2005, an Indictment was filed charging Shine and his co-defendant, James Rutherford, with the two counts listed above. The defendants made their initial appearance and were arraigned on the Indictment on April 11, 2005. During that

appearance, counsel for both defendants requested a continuation of 90 days to review discovery and prepare pretrial motions. On April 12, 2005, Judge Niedermeier granted the request in his Criminal Pretrial Scheduling Order, setting a motions filing deadline of July 11, 2005 and excluding the period between April 11, 2005 and July 11, 2005 from the Speedy Trial Clock. (Doc. 14). Judge Niedermeier wrote:

> The Court finds, based on consultation between the parties concerning the complexity of the case and the need for the defense to review discovery, that the ends of justice are best served by granting and [sic] extension of time and outweigh the best interests of the defendant and the public to a speedy trial. Denial of this extension of time would deprive counsel for the defendant and the attorney for the government the reasonable time necessary for the effective preparation of the case."

The Order states that it applies to all co-defendants in the case.

On June 7, 2005, Shine's original counsel, Assistant Federal Public Defender Elizabeth Mann, filed a motion to withdraw from the case. The motion was granted and Richard Goldsborough was appointed to represent Shine. On June 27, 2005, Attorney Goldsborough filed a motion to extend the pretrial motions deadline. (Doc. 22). The motion was granted on July 5, 2004. (Doc. 23). The Court set a new deadline of October 9, 2005, and excluded the resulting delay, the period from July 12, 2005 through October 9, 2005, from the Speedy Trial Clock. The order read, in part:

> Pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court finds
> that the ends of justice are best served by granting an
> extension of time and outweigh the best interests of the
> Defendant and the public in a speedy trial on the grounds
> that counsel has just been appointed in this case and that
> he is awaiting a copy of the Government's discovery in this
> matter.  Upon receipt of the Government's discovery the
> [defendant's counsel] intends to evaluate the Government's
> case with Defendant prior to determining what, if any, pre-
> trial motions are necessary.  Denial of an extension of time
> would deny the Defendant, exercising due diligence,
> reasonable time to determine what motions may need to be
> filed, prior to the current motions deadline.

The Order specifically stated that it applied to all co-defendants.

On or about October 5, 2005, Shine's co-defendant, Rutherford, filed a motion requesting 60 additional days to review discovery and in order to allow the parties to more fully explore non-trial alternatives for resolution of the case. (Doc. 26.)  The Court granted the unopposed motion in an Order dated October 6, 2005, resetting the deadline for December 2, 2005 and excluding the period from October 9, 2005 through December 2, 2005 from the Speedy Trial clock. (Doc. 27.)  The Court wrote:

> The Court finds that the additional time is required to
> afford defendant adequate time to explore non-trial
> alternatives for resolution of this matter.  Pursuant
> to 18 U.S.C. § 3161(h)(8)(A) the Court finds that the
> ends of justice are best served by granting an
> extension of time and outweigh the best interests of
> the defendant and the public in a speedy trial on the
> grounds that denial of an extension of time would deny
> the defendant, exercising due diligence, reasonable
> time for effective preparation of this case.

This Order did not specifically state that it applied to all co-

defendants.  However, Shine and Rutherford both took advantage of the extension of time, as Shine did not file his pretrial motions until December 2, 2005, the new date designated by the Order.

On or around December 1, 2005, Rutherford's counsel filed a motion seeking an enlargement of time within which to file pretrial motions. (Doc. 28.)  On December 2, 2005, the Court granted the Motion, continuing the case from December 2, 2005 to January 11, 2006, and excluding that time from the Speedy Trial clock with respect to both co-defendants. (Doc. 29.) The Court made written findings as follows:

> The Court finds that the additional time is required to afford defendant adequate time to explore non-trial alternatives for resolution of this matter.  Pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court finds that the ends of justice are best served by granting an extension of time and outweigh the best interests of the defendant and the public in a speedy trial on the grounds that denial of an extension of time would deny the defendant, exercising due diligence, reasonable time for effective preparation of this case.

Also on December 2, 2005, Shine's counsel filed three motions: a motion to suppress evidence (Doc. 31), a motion for severance (Doc. 32), and a motion to preclude or in the alternative to compel discovery (Doc. 30).

On January 11, 2006, Shine's counsel filed a motion seeking an additional 30 days to file pretrial motions. (Doc. 36.) As grounds, he stated first, that he was still awaiting requested discovery from the government.  Second, the Government had recently served notice that it intended to seek increased

4

punishment based on two prior felony convictions, and Shine's counsel indicated that he wished to consult with his client about the impact of that notice and non-trial alternatives.

On or about February 13, 2006, Shine's counsel filed a second motion seeking an additional 45 days in which to file pretrial motions. (Doc. 37.) He stated that Shine had requested that he file additional motions, which would take him time to research and prepare; that he was seeking the transcripts of prior criminal proceedings involving Shine; and that he wished to continue to explore non-trial options with the government.

On February 14, 2006, the Court granted the February 13, 2006 motion, extending the deadline for filing pretrial motions from February 12, 2006 to March 29, 2006, and excluding this time period from the Speedy Trial clock. (Doc. 38).[1]  It ordered that this time period be excludable time under the Act.  The Court wrote:

> Pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court finds that the ends of justice are best served by granting an extension of time and outweigh the best interests of the Defendant and the public in a speedy trial on the grounds that counsel needs additional time to evaluate

---

[1]Both Shine's February 13, 2006 motion and the Court's order granting it refer to February 12, 2006 as the then-current motions deadline, which Shine sought to extend.  It appears that this may have been error; the deadline was previously set at January 11, and Shine's January 11, 2006 motion seeking to extend it for 30 days had not been granted and later was denied as moot.  This ambiguity does not affect the Speedy Trial clock, since Shine's pretrial motions, filed December 2, 2005, were pending throughout this period.

> the merits of filing additional motions and wishes to
> continue to explore settlement options with his client
> and the Government's counsel.  Denial of an extension
> fo time would deny the Defendant, exercising due
> diligence, reasonable time to determine what motions
> may need to be filed prior to the current motions
> deadline.

The January 11, 2006 motion was denied as moot on February 15, 2006.

On March 13, 2006, a plea agreement as to Rutherford was filed with the Court. (Doc. 42.)

On March 29, 2006, Shine's counsel filed two additional motions: a motion for ruling on pending pretrial motions (Doc. 43) and a motion to strike surplusage (Doc. 44).

On April 17, 2006, the Court held a change of plea hearing as to Rutherford and accepted his guilty plea.

On May 23, 2006, the Court conducted a hearing on Shine's outstanding motions and denied the motion to strike, the motion to suppress, and the motion to preclude discovery.  Shine's motion to sever defendant and motion for ruling on pretrial motions were denied as moot.  Following a request by Shine's counsel, the Court also extended the deadline for discovery and motion filing for an additional 60 days, until July 24, 2006, and excluded the resulting delay from May 23, 2006 through July 24, 2006 from the Speedy Trial clock, as an ends of justice continuance.

On June 30, 2006, Attorney Goldsborough filed a motion to

withdraw as counsel for defendant.  The Court granted the motion on July 10, 2006, and appointed Ernest M. "Bud" Allen III to represent defendant on July 12, 2006.  On July 24, 2006, Attorney Allen filed a motion to extend the motions filing deadline by one week, from July 24, 2006 to July 31, 2006, so that he could communicate with Shine and evaluate whether there was a need to file additional motions. (Doc. 60.) The Court granted the motion in a text-only order on July 26, 2006, without finding any time to be excludable.  On July 28, 2006, Attorney Allen filed a second motion asking to extend the deadline until August 4, 2006, as he had been unable to communicate directly with Shine. (Doc. 62.) On August 4, 2006, Attorney Allen filed a motion to extend the deadline for an additional 50 days, as he had still not been able to communicate directly with Shine but believed that Shine wished to file additional motions.  (Doc. 64.)

On August 16, 2006, the Court granted the August 4, 2006 motion, extending the deadline for filing pretrial motions from July 31, 2006, until September 14, 2006, excluding that time period from the Speedy Trial clock. (Doc. 69.) The Court wrote:

> Pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court finds that the ends of justice are best served by granting an extension of time and outweigh the best interest of the defendants and the public in a speedy trial in that the defense is trying to coordinate its efforts with defense counsel in state court and is also attempting to reach a reasonable resolution of this charge.

The July 28, 2006 motion to extend the deadline was denied as

moot.

On September 14, 2006, Shine's counsel filed three motions on his behalf: the instant motion to dismiss for lack of speedy trial (Doc. 72), a motion to suppress (Doc. 71) and a motion to disclose informant (Doc. 73). On November 29, 2006, he filed a motion to dismiss. (Doc. 88.) The Court held a hearing on all pending motions on December 7, 2006.

## II.  DISCUSSION

The Act establishes the general rule that a defendant's trial must "begin within 70 days of the date he was indicted or his first appearance before a judicial officer, whichever date last occurs." United States v. Gambino, 59 F.3d 353, 356 (2d Cir. 1995) (citing 18 U.S.C. § 3161(c)(1)). If the trial does not begin within the 70-day period, the case must be dismissed with or without prejudice upon motion of the defendant. 18 U.S.C. § 3162(a)(2). However, the Act excludes certain types of delay from the computation of the 70-day limit.

The Act excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). Also excluded are delays attributable to the "defendant's joinder for trial with a co-defendant as to whom the time has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). In addition, a district court

may grant a continuance and exclude the resulting delay if it finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). In granting such a continuance, a court must make "on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and the defendant's interests in a speedy trial."

Shine asserts that he is entitled to dismissal of the Indictment because the Speedy Trial clock has run. In fact, as outlined below, the time period between July 24, 2006 and July 31, 2006 was the only period not excludable under the Act since the time of his first appearance in this case.

**A.  April 11, 2005 to July 11, 2005**

The speedy trial clock commenced April 11, 2005, the date of Shine's first appearance before a judicial officer. See § 3161(c)(1). The period from that date through July 11, 2005 was clearly excluded from the Speedy Trial clock. The Court granted a continuance under § 3161(h)(8)(A), and set forth its reasons for finding that such continuance served the ends of justice, as required by that section.

Shine has suggested that the Court's findings were insufficient; however, in every instance in which the Court granted an ends of justice extension and excluded the resulting delay from the Speedy Trial clock, it did make the requisite

9

findings under § 3161(h)(8)(A), as reflected in its written orders.

Shine implies in his Motion to Dismiss for Lack of Speedy Trial that some extensions resulted from requests by his former attorneys in this matter which they may not have been authorized to make, writing, "The Defendant does not believe that he approved any delay or extension, other than a reasonable one resulting from his single suppression motion." There is no evidence to suggest that this is the case. On each occasion that Shine's attorneys made such requests they supported the requests with explanations which made it clear that more time was indeed necessary, whether because they were awaiting discovery, unable to contact Shine, researching motions at Shine's request, or newly appointed to the case. See, e.g., United States v. Matsushita, 794 F.2d 46, 50 (2d Cir. 1986) (holding that time was properly excluded following defense counsel's request for more time to prepare). Rather than prejudicing Shine's ability to prepare a defense, these continuances were necessary to allow his counsel adequate time to consult with him and prepare a defense in accord with his wishes.

**B. July 12, 2005 to October 9, 2005**

The above captioned period was properly excluded from the Speedy Trial clock under § 3161(h)(8)(A). The Court's order granting a continuance and excluding the period from July 11,

2005 and October 9, 2005 included proper findings and was based on a request by Shine's counsel.

**C.  October 5, 2005 to December 2, 2005**

The period between October 5, 2005 and December 2, 2005 is excludable pursuant to § 3161(h)(7).  That section states that delays attributable to the "defendant's joinder for trial with a co-defendant as to whom the time has not run and no motion for severance has been granted" are excludable from the speedy trial clock.  The extension and exclusion from the Speedy Trial clock for this period was requested by Rutherford, and the Court's Order did not specifically recite that it applied to both co-defendants.  However, this delay in Shine's case was attributable to Shine's joinder with Rutherford.  Rutherford's time had not run, and no motion for severance had even been filed at the time that the Court granted his Motion for Extension. The Court made proper findings in granting Rutherford's motion under § 3161(h)(8)(A).  Therefore, the period is excludable with regard to Shine as well as Rutherford.

Shine now suggests that § 3161(h)(7) should not apply in this case, because Rutherford was not a genuine co-defendant.  As grounds for this assertion, he writes that "at some point Mr. Rutherford ceased to be an adverse party with regard to the Government" and became instead merely a witness for the Government. (Mot. to Dismiss for Lack of Speedy Trial 1 (Doc.

72).)  This argument is without merit as applied to this stage of the proceedings, as Rutherford's plea agreement was not filed with the Court until March 13, 2006.  While Rutherford may or may not have been negotiating with the Government during this period, he did not cease to be an adverse party with respect to the government, or to be Shine's co-defendant, merely because he was exploring the possibility of a plea.

**C.  December 2, 2005 to May 23, 2006**

Shine filed several motions on December 2, 2005, which were resolved on May 23, 2006.  § 3161(h)(1)(F) excludes from the Speedy Trial clock "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" Henderson v. United States, 476 U.S. 321, 330 (1986).  Therefore, the entire period from December 2, 2005 through May 23, 2006 is excludable under § 3161(h)(1)(F) as a delay resulting from a pretrial motion.  During this period, smaller time periods are excludable from the Speedy Trial clock on other grounds as well, as detailed below.

**1.  December 2, 2005 to January 11, 2006**

The period between December 2, 2005 and January 11, 2006 is excludable pursuant to § 3161(h)(7), as a continuance was granted, and the period excluded under § 3161(h)(8)(A) with respect to both defendants, at Rutherford's request.

**2. January 11, 2006 to March 29, 2006**

This period is excludable under § 3161(h)(8)(A).  Shine was granted an extension of the deadline for filing pretrial motions between these dates, and the Court made proper findings in excluding the period from the Speedy Trial clock.

**3. March 29, 2006 to May 23, 2006**

Shine filed several motions on March 29, 2006, which were resolved on May 23, 2006.  This period is therefore excludable from the speedy trial clock under § 3161(h)(1)(F) as a delay resulting from a pretrial motion.

**D. May 23, 2006 to July 24, 2006**

This period of time is excludable under § 3161(h)(8)(A). The Court granted a continuance orally during a hearing in court, at the request of Shine's counsel, and found the period to be excludable from the Speedy Trial clock. The Court made the requisite findings orally, which is acceptable under the Act. See § 3161(h)(8)(A).

**E. July 24, 2006 to July 31, 2006**

During this period, the speedy trial clock was running. Although the Court did grant a request for an extension, there was no speedy trial waiver by Shine and the Court did not find the time to be excludable.  There were no pending motions by Shine.

**F.  July 31, 2006 to September 14, 2006**

This period of time is excludable under § 3161(h)(8)(A). The Court granting a continuance following a request by Shine, and the Court's order included the requisite findings.

**G.  September 14, 2006 to the Present**

This period is excluded from the Speedy Trial clock under § 3161(h)(1)(F), as Shine's pretrial motions have been pending since September 14, 2006.

### III.  CONCLUSION

The entire time period since Shine's indictment is excludable under some section of the Speedy Trial Act, as outlined above, with the exception of the 7 days between July 24, 2006 and July 31, 2006.  Therefore, the 70 days which the Act allows prior to trial have not yet passed and no violation of Shine's Speedy Trial rights has taken place.

For the foregoing reasons, Shine's Motion to Dismiss for Lack of Speedy Trial is DENIED.


Dated at Burlington, Vermont this 5th day of January, 2007.


                                        /s/ William K. Sessions III
                                        William K. Sessions III
                                        Chief Judge